**Jonnie Lou SMITH, Trustee, for Vickie Ann and Bobby Jean Smith, Transferees, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 16513.

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1957.

James W. Arnold, Athens, Ga., for petitioner.

Charles K. Rice, Asst. Atty. Gen., John N. Stull, Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Kenneth E. Levin, Atty., Herman T. Reiling, Acting Chief Counsel, Internal Revenue Service, Rollin H. Transue, Atty., Washington, D. C., Melva M. Graney, Atty., Department of Justice, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from a judgment in Tax Court Docket No. 45854, one of three cases [1] which were consolidated in the Tax Court, as involving transferee liability for income tax deficiencies and penalties assessed against V. Hugo Smith.

---

[1] The decisions and orders of the Tax Court in the other two cases, Nos. 45853 and 45854, are not before us for review.

The Tax Court, in original and supplemental findings of fact [2] and in opinions not officially reported, fully canvassing and discussing the voluminous testimony,

2. In substance these are:

V. Hugo Smith is the husband of petitioner Jonnie Lou Smith and the father of Hugo Alexander Smith, John Winfred Smith, and the late Victor Hiram Smith who died in August, 1949. Victor was survived by his wife and two minor children, Vickie Ann Smith and Bobby Jean Smith. All reside in Carlton, Georgia.

Hugo filed original and amended tax returns for each of the years 1942 through 1946 with the Collector of Internal Revenue for the District of Georgia. All of the original returns for those years were filed more than four years prior to the date the Commissioner mailed the deficiency notices asserting transferee liability against the petitioner in this case.

The parties have stipulated that there are income tax deficiencies and fraud penalties due from Hugo for the years 1942 through 1946 in the total amounts of $34,016.66 and $17,002.63, respectively; that Hugo, on Nov. 15, 1951, filed a Form 870 with the Commissioner consenting to the assessment and collection of those deficiencies and penalties; and that they were duly assessed against Hugo and are unpaid except for $8,030.23 which was paid on December 13, 1951, and an additional $700 which was paid during 1952. The unpaid balance of Hugo's deficiencies and penalties is $42,289.06.

The Commissioner asserted transferee liability to the extent of $5,500 against Jonnie Lou Smith as trustee for Vickie Ann Smith and Bobby Jean Smith on the ground that Hugo, while insolvent on Oct. 29, 1951, transferred to her, without consideration, a lot and house in trust for the two children. The house and lot, for which Hugo paid $3500 in 1945, were in Madison County, Georgia. Hugo's son, Victor, and Victor's family moved into the house immediately after its purchase and used it as their residence. Hugo did not give Victor a deed to the property in 1945 or at any time prior to the latter's death on August 20, 1949. Victor worked for Hugo in Hugo's store but had no proprietary interest therein.

Hugo, Jonnie Lou, Victor, Hugh and John all had trading accounts with Courts & Company, a securities and commodities broker, and traded regularly on the securities and commodities exchanges. Hugo was the "mastermind" of the family's accounts. Funds were often transferred from one to the other of the family accounts with no formal records being kept by the family members of any obligations arising between them as a result of the transfers.

During the period April 14 through Sept. 3, 1947, six transfers of funds, totaling $11,631.82, were made from Hugo's trading account to Victor's trading account with Courts & Co. It does not appear that any transfers were made from Victor's to Hugo's account during or subsequent to that period nor is there any evidence of consideration given by Victor for those transfers. On Feb. 27, 1948, Courts & Company issued a $500 check to Victor, debiting his account to that extent and on March 24, 1948, Victor's account was closed and a final check for $2,690 was issued to him. Those two checks, totaling $3,190, were given to Hugo and it is claimed that they represent payments by Victor to Hugo for money borrowed from Hugo to buy the above-mentioned house and lot in 1945.

On October 29, 1951, more than two years following the date of Victor's death, (Aug. 20, 1949), Hugo executed a deed of the house and lot, reciting among other things:

"That Whereas: The undersigned grantor herein, had during the life of my eldest son, Victor Hiram Smith and before his death in 1949, sold to him the property and before his death in 1949 sold to him the property [sic] hereinafter described, and, Whereas, said Victor Hiram Smith had made substantial payments on said property but died unexpectedly before full payment had been made thereon and before any deed or other written agreements had been perfected between us, now therefore, the premises considered: I Victor Hugo Smith, for and in consideration of the love and affection, which I have for the Cestui Que Trust hereinafter named, the undersigned, Victor Hugo Smith, does hereby give, grant and convey unto Mrs. Jonnie Lou Smith in trust for the minor children hereafter named of my son Victor Hiram Smith, Vickie Ann Smith and Bobby Jean Smith now aged 9 and (sic?) respectively, the following described property, to-wit : * * *"

Hugo received no consideration for that deed. The fair market value of the house and lot on Oct. 29, 1951, was $5500.

In an opinion entered on June 30, 1955, the Tax Court held that the Commissioner's assertion of transferee liability against Jonnie Lou Smith as trustee for the children was not barred by the stat-

held the transferee liable, and she has appealed.

Three questions are presented for our review:

(1) Did the Tax Court err in holding that, the stipulation of facts having established that V. Hugo Smith, the transferor, was liable for fraud penalties under Sec. 293(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 293(b), the commissioner's assertion of liability against petitioner here was timely and not barred by the Statute of Limitation?

(2) Did the Tax Court err in holding that V. Hugo Smith, the transferor, was insolvent on and after Oct. 29, 1951, the date he made his deed to transferee?

(3) Did the Tax Court err in holding that the transfer of Smith to petitioner was without consideration?

For the reasons hereafter briefly stated, we are of the opinion that each of the questions must be answered in the negative and the judgment must therefore be affirmed.

Petitioner's assault upon the first finding does not attack the truth of the premise on which the finding rests, that the parties stipulated that there are income tax deficiencies and fraud penalties due from V. Hugo Smith for the years in question. She seeks to escape from the otherwise binding effect of the stipulation by putting forward the claim that the stipulation, as well as an earlier admission, was entered into in the hope and course of effecting a compromise and therefore should not have the effect ascribed to it.

■ We think the commissioner correctly answers this contention when he points out: that to support his finding of Hugo's fraud, the commissioner is not relying on any presumption or upon Hugo's execution of Form 870, nor on anything submitted by Hugo in connection with his offer in compromise; that, on the contrary, the commissioner relies entirely on Paragraph 4 of the stipulation, which was prepared specifically for this case. He further points out that petitioner did not have to sign the stipulation, she could have litigated the tax liability of her transferor, including the penalties but instead conceded that the question of Hugo's liability for both deficiency and fraud penalties was not being contested.

■ When it comes to the second and third questions, it is evident that her attack is essentially a frontal assault upon the fact findings of the Tax Court, and that to prevail, it is essential for the petitioner to show that, subjected to a correct analysis, the record shows either that the findings are without any support in the evidence or are so little supported by it as to be clearly erroneous. Recognizing the issue as thus pitched and the confused state of the transferor's records and of the accounts which he and the members of his family, including the transferee, kept with Courts & Co., Hugo's broker, petitioner and commissioner vie with each other, the one seeking to overthrow, the other to sustain, the findings.

The petitioner, recognizing her burden, endeavors, by subjecting the evidence to analysis, to show wherein and why the Tax Court misapprehended it and its effect and, therefore, erred in its findings. The commissioner, on his part, presenting a counter-analysis of his own, and bearing down hard on the superior op-

ute of limitations, that the transfer of the house and lot was made by Hugo without consideration and when he was insolvent and, accordingly, that Jonnie Lou Smith, as trustee for the children, is liable for Hugo's unpaid tax deficiencies and penalties to the extent of the $5500 fair market value of the property on the date of the transfer. A decision in the case was first entered on Nov. 28, 1955, but the Tax Court subsequently granted a motion for rehearing and reopened the case solely for the purpose of receiving additional evidence on the question whether the transferor, V. Hugo Smith, was solvent or insolvent on Oct. 29, 1951. After the hearing the Tax Court filed supplemental findings of fact and opinion, again holding that Hugo was insolvent on Oct. 29, 1951, and entered a new decision in the case identical to the prior decision.

portunity of the Tax Court to judge of the credibility of the witnesses, earnestly insists that these issues were peculiarly fact issues, and the findings must be sustained as not shown to be clearly erroneous.

Without undertaking to make excerpts from, to condense, or to analyze, the more than 200 pages of evidence from which the Tax Court's findings were drawn, it is sufficient to say that we agree with the commissioner that the questions presented for review here are questions of fact, with the decision of which, on this record, this court should not, indeed may not, interfere, and that the judgment appealed from must be affirmed.

Affirmed.