Stein v. Burnett.

FRANK H. STEIN, Plaintiff in Error, v. JOSEPH BURNETT, Defendant in Error.

Kansas City Court of Appeals, December 1, 1890, and February 2, 1891.

1   Fraudulent Conveyances: NOTICE TO VENDEE: ATTACHMENT AGAINST VENDOR. One Spillman was disposing of property to hinder and delay his creditors. Eads & Co. brought attachment alleging in their affidavit Spillman's fraudulent disposition of his property and his intention to move out of the state to change his domicile. The attachment writ was levied on property in the possession of one Stein, the brother-in-law and vendee of Spillman, who replevied the property of the defendant constable. On the trial it appeared that Stein at the time of his purchase knew of Spillman's intention and did not in fact pay the money until the levy of the attachment writ. *Held* the levy of this writ was notice to the vendee Stein, of the implied bad faith of the sale by Spillman, and if he thereafter paid the purchase money the law will not protect him as an innocent purchaser.

2.   Exemptions: ATTACHMENT: LEAVING STATE TO CHANGE DOMICILE. A person leaving the state with the intention to change his domicile is not entitled to his property exempt from attachment, nor can his pretended vendee invoke the statute of exemptions.

*Error to the Cass Circuit Court.*—HON. CHARLES W.
SLOAN, Judge.

AFFIRMED.

*Samuel P. Sparks* and *J. S. Wooldridge*, for
plaintiff in error.

(1) The court erred in peremptorily instructing
the jury that, under the pleadings and all the evidence in
the case, the plaintiff was not entitled to a verdict.
*First.* The demurrer to the evidence not only admitted
that all the facts testified to were true, but also every
reasonable inference that a jury might make from the
facts proven against the demurrant. *Wilson v. Board
of Ed.*, 63 Mo. 137 ; *Brink v. Railroad*, 17 Mo. App.
177 ; *Fisher v. Railroad*, 23 Mo. App. 201 ; *Noeninger
v. Vogt*, 88 Mo. 589. *Second.* The court could not
assume that the sale of the property in controversy was
fraudulent in fact and that the plaintiff had notice
of that fact. This was a palpable invasion of the
province of the jury. *Third.* There was no direct
evidence of any fraudulent intent upon the part of
E. T. Spillman in the disposition of his property ; it
was only an inference which the jury might draw from
the circumstances detailed in evidence. (2) At the
time of the sale or transfer of the property in contro-
versy to Stein, all the evidence conclusively established
that Spillman was a housekeeper, the head of a family,
a resident of this state, and the property, at least two
of the cows and two of the calves were of the
species exempt by statute from execution or attachment.
R. S. 1879, sec. 2343. *First.* Being of the species of
property exempt at the time of its transfer, such trans-
fer, however voluntary, could not and did not defraud
Spillman's creditors. Bump. Fraud. Convey. [ 2 Ed.]
sec. 242. *Second.* In case of a sale of property specif-
ically exempt, the purchaser stands in the place of the

execution debtor and can assert the latter's right, especially when the transfer was prior to the inception of the proceedings culminating in the judgment and execution. *Hombs v. Corbin*, 20 Mo. App. 497, *loc. cit.* 507; s. c., 34 Mo. App. 393; *Stotesbury v. Kirtland*, 35 Mo. App. 148, *loc. cit.* 154. *Third.* But the court held to the erroneous view that the proceedings before the justice in case of Eads & Co. *v.* Spillman, commenced long subsequent to the sale or transfer by attachment, was conclusive that Spillman had no right to the exemption, because it was there found that he had left the state with intent to change his domicile. The case of *Fowler v. Chaney*, 36 Mo. App. 513, was decisive of this case.

*S. T. White* and *O. L. Houts*, for defendant in error.

(1) The evidence showed without conflict that Spillman conveyed the property in question in fraud of his creditors, and that plaintiff took the same with knowledge, and in aid of the fraudulent purpose of Spillman. The conveyance was, therefore, void; and plaintiff took no title as against J. D. Eads & Co., attaching creditors of Spillman, and the court properly directed the jury to find for defendant. *Arnholt v. Hartwig*, 73 Mo. 485; *Dougherty v. Cooper*, 77 Mo. 532; *Sellers v. Bailey*, 29 Mo. App. 174; *McVeigh v. Baxter*, 82 Mo. 518; *Funkhouser v. Lay*, 78 Mo. 464; *State to use v. Frank*, 22 Mo. App. 52. (2) Spillman was about to move out of the state, with intent to change his domicile. The affidavit so stated; the justice so found; and the evidence, without any conflict, so showed. His property, then, was not exempt as to J. D. Eads & Co., attaching creditors, and the conveyance was as to them fraudulent, and plaintiff has no title. R. S. 1889, p. 222, sec. 539; *State ex rel. v. Kingsbury*, 33 Mo. App. 519; *State ex rel. v. Chaney*,

36 Mo. App. 513; *State to use v. Laies*, 46 Mo. 108. Spillman could not claim this property as exempt at the time he turned it over to plaintiff, because he, Spillman, was about to move out of the state; nor could he, after he had moved out of the state, and become a nonresident, at the time plaintiff paid for it. He could transfer no greater rights, of course, then he had, and plaintiff cannot, therefore, be benefited by the exemption law.

GILL, J.—This is an action of replevin, brought by plaintiff Stein against defendant Burnett, for the recovery of some horses and cattle claimed by the plaintiff, but which defendant, as constable in Johnson county, had levied upon as the property of one Elam Spillman, defendant in an attachment suit of Eads & Co. *v.* Spillman. Spillman was a farmer and stock-dealer, residing on land owned by him seven miles northwest of Warrensburg, while plaintiff Stein, his brother-in-law, resided in the same neighborhood and occasionally worked on Spillman's place. Spillman had become largely in debt to various parties, Eads & Co. among the number, and in the early part of September, 1888, departed for parts unknown, leaving his creditors unprovided for—having disposed of all his property beforehand. Eads & Co. brought attachment, alleging as grounds therefor the fraudulent disposition of property, and that Spillman was about to move out of the state with intent to change his domicile. Under this writ of attachment defendant Burnett, as constable, seized the property in dispute, then in plaintiff's possession. Stein thereupon brought replevin. At the trial, after all the evidence was in, the court gave a peremptory instruction for defendant, when plaintiff took a nonsuit with leave to move to set the same aside—which motion was made, was by the court overruled, and plaintiff now prosecutes this appeal. The propriety of the court's action, in thus taking the case from the jury,

is the material matter here for our determination. Stein claims to have purchased the property in dispute of Spillman, and at the time of purchase he was ignorant of any intended fraud on Spillman's creditors. The evidence satisfactorily established Spillman's intention to convert his property into money and to depart the country without in any way adjusting his indebtedness. The fact, too, stands undisputed, that at the time the purchase by Stein was finally concluded by the payment of the purchase price, he (Stein) was fully informed of Spillman's fraudulent conduct. Stein, himself, testifies that he first agreed with Spillman for the purchase of the stock at and for the gross price of $306, but that the matter was not closed up and the price paid until a few days thereafter, and he admits that in the meantime Spillman had left the country, and that he (Stein) was informed of the fraud perpetrated by Spillman on his creditors. Indeed, it stands undisputed that the purchase money was not paid until after the constable had seized this stock by virtue of the attachment writ in the case of Eads v. Spillman. The levy of this writ was notice to the pretended vendee, Stein, of the imputed bad faith of the sale by Spillman, and if he thereafter paid the purchase money the law will not protect him as an innocent purchaser. *Arnholt v. Hartwig*, 73 Mo. 485.

Spillman, at the time of this alleged sale to Stein, was about to leave the state with intent to change his domicile. He was not, therefore, entitled to hold this property as exempt from said attachment. R. S. 1879, sec. 416. Since then Spillman could invoke no such protection from the statute of exemptions, neither can his pretended vendee. *State ex rel. Fowler v. Chaney*, 36 Mo. App. 513.

The objection here made to the introduction of the record and proceedings of the justice of the peace in case of Eads v. Spillman, we shall not discuss, since

to exclude the same abundant evidence remains to establish conclusively all that might be shown by the record. From the testimony now before us ( excluding even the justice's record ) the conclusion is irresistible that Spillman deliberately set about to reduce his property to money and then depart, for the unrighteous purpose of defrauding his creditors. And from an examination, too, of this evidence we feel quite sure that Spillman was aided therein by this plaintiff. At all events the judgment of the lower court is clearly for the right party, and the same is affirmed. All concur.

