### SELIGSON v. SANDNER et al.

District Court, S. D. New York.
Dec. 16, 1941.

Samuel Masia, of New York City, for plaintiff.

Morris Berler, of Brooklyn, N. Y., for defendants.

GALSTON, District Judge.

On December 9, 1938, the bankrupt defendant filed a petition in bankruptcy. On September 26, 1940, the plaintiff was duly appointed trustee of his estate, and as trustee he seeks, pursuant to Sec. 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, and Article 10 of the Debtor and Creditor Law of the State of New York, Consol. Laws, c. 12, to recover thirty-six shares of the capital stock of the Olympia Provision and Baking Company, Inc., which it is alleged were fraudulently transferred by the bankrupt to his wife.

The proof discloses that the stock was transferred by the bankrupt as a gift to his wife in August, 1931, and that at the time of the transfer the bankrupt had no other property.

Sec. 70, sub. e(1), of the Bankruptcy Act, Title 11, Sec. 110, sub. e(1), U.S.C.A., reads in part as follows: "A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor."

Sec. 273 of the Debtor and Creditor Law of the State of New York reads as follows: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

At the time of the transfer of the stock there had been filed in the office of the County Clerk of New York County a judgment in the amount of $5,130.75 against this bankrupt which had been obtained on June 23, 1924, and which remained unsatisfied. It is the bankrupt's contention that at no time had he any knowledge that this judgment had been rendered against him. The record of the case shows that he appeared in the action, had an answer filed on his behalf, and that an execution had been issued and had been returned unsatisfied. His testimony, therefore, that he did not know that a judgment had been procured cannot readily be accepted. The New York statute in question was considered in Feist v. Druckerman, 2 Cir., 70 F.2d 333, 334, where it was said:

"Now, there is a rule of long standing in the New York courts that a *voluntary* conveyance made when the grantor is indebted is presumptively fraudulent. We think this means that, if one indebted makes such a transfer, it is presumed, in the absence of some proof to the contrary, that he was then insolvent. Cole v. Tyler, 65 N.Y. 73; Smith v. Reid, 134 N.Y. 568, 31 N.E. 1082; Kerker v. Levy, 206 N.Y. 109, 99 N.E. 181; Ga Nun v. Palmer, 216 N.Y. 603, 111 N.E. 223. In Cole v. Tyler, 65 N.Y. 73, 78, it was said:

" 'This presumption * * * is not to be overthrown by mere evidence of good intent or generous impulses or feelings. It must be overcome by circumstances showing on their face that there could have been no bad intent, such as that the gift was a reasonable provision, and that the debtor still retained sufficient means to pay his debts. He can no more delay his creditors by such voluntary conveyance than he can actually defraud them.' "

Here the defendants do not meet the presumption that the transfer was fraudulent as to existing creditors. Ga Nun v. Palmer, 216 N.Y. 603, 111 N.E. 223. At most, the defendants show that the bankrupt may not have had knowledge of the existence of the judgment at the time that he made the transfer, assuming that the gift was a reasonable one. But there remains the fact that he had no other property, and the effect of the transfer was to render him insolvent. See also In re Beckman, D.C., 6 F.Supp. 957; Rudin v. Steinbugler et al., 2 Cir., 103 F.2d 323; In re Kearney, 2 Cir., 116 F.2d 899.

The complaint against the corporate defendant must be dismissed for failure to prove a cause of action against it, though it must be observed that it thwarted the effort of the plaintiff to obtain the production of its books including its stock certificate book. The absence of that book is significant, for it would have afforded the plaintiff the sole means within his power of contradicting the alleged date of transfer of the certificate in question to the bankrupt's wife. The corporation is a small one, with its stock originally issued to three individuals of which the bankrupt was one, in substantially equal shares. The bankrupt was an officer and remained in charge of its business.

It is urged though that the judgment creditor, who appears as the sole creditor against the bankrupt in this proceeding, slept on his rights, in that he failed to take any steps to effect payment between the entry of the judgment and the present proceeding covering a period of fourteen years. But the defense of laches was not pleaded, nor was any motion made to amend the pleadings at the trial or since, nor is it seen how, assuming the creditor was guilty of laches, the trustee in bankruptcy, who was appointed only on September 26, 1940, failed to institute his action promptly. Nor is there any suggestion in the record that the judgment creditor had

any knowledge of this fraudulent transfer until the filing of the petition in bankruptcy herein in 1938, so that the only thing that he could have done which he did not do during the interval, was to examine the bankrupt in supplementary proceedings. His failure so to do does not support an equitable defense of laches.

Accordingly, the plaintiff is entitled to judgment against the defendant Theresa Sandner, who has present possession of the stock.