LOUISE NOELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42434.   Filed June 6, 1955.

*Gilbert Weiss, Esq.,* for the petitioner.
*Thomas N. Chambers, Esq.,* for the respondent.

SUPPLEMENTAL OPINION.

ARUNDELL, *Judge:* In an earlier opinion reported at 22 T. C. 1035, we determined that the petitioner herein, Louise Noell, was liable as the transferee of her husband, Charles P. Noell, for his outstanding income tax liability for 1949. The findings of fact reported there are incorporated herein by reference.

In finding petitioner liable as a transferee, however, we decided, on the basis of our decision in *Fada Gobins,* 18 T. C. 1159, affd. 217 F. 2d 952, that since $18,934.37 had been returned to Noell by petitioner, her liability as a transferee should be diminished to that extent. Decision in accordance with that opinion was entered January 6, 1955.

By leave of Court, respondent filed a motion on March 31, 1955, asking that the decision be vacated and the opinion revised so as to eliminate that part of the diminution of the transferee liability which was based on retransfers from petitioner to Noell subsequent to the issuance of the notice of transferee liability. After a careful review of the record and the authorities, we have concluded that respondent's position is well taken.

The chronology of events is of the utmost importance. The record reveals that of the amounts retransferred to Noell, $4,700 consisted of checks drawn by petitioner during the period from February 8, 1949, to November 21, 1951, and that an additional $5,000 was attributable to a cashier's check purchased by Noell and made payable to petitioner which was indorsed by her and deposited in Noell's checking account on May 10, 1951.

On March 21, 1952, the Government made a jeopardy assessment against petitioner. Petitioner was advised of this action and of the respondent's determination that she was liable as the transferee of assets of Noell by notice dated April 10, 1952.

On April 11, 1952, the collector seized the funds in the petitioner's bank account. The collector credited her account with additional money on April 21, 1952, representing the proceeds of his sale of petitioner's automobile.

It was not until May 6, 1952, that petitioner sold all of her securities. The proceeds were in the form of a check payable to petitioner in the amount of $9,234.37. Petitioner and Noell went together to a bank where they cashed the check with Noell receiving all of the proceeds.

Although all of the above facts were available at the time the case was first considered, no particular stress was laid by the Court or by the parties upon the fact that the last retransfer occurred after the jeopardy assessment and notice to the petitioner of transferee liability. No such facts existed with regard to the retransfers in the *Gobins* case, *supra*, and we think that a different rule must apply under such circumstances.

As to the law of conveyances generally, Glenn states in his work on Fraudulent Conveyances and Preferences, revised edition, at section 57, "* * * if a transferee should surrender the property to the debtor, together with its interim earnings, *prior to institution of an attack by creditors*, he will be relieved of all liability." (Emphasis supplied.) To the same effect is Wait on Fraudulent Conveyances and Creditors' Bills, third edition, at section 176, which states, "If the party has accounted to the debtor for the proceeds of the property *before proceedings are taken against him by the creditor*, he cannot be forced to account for it over again." (Emphasis supplied.)

The latter quotation was cited with approval in *Schneider* v. *Patton*, 175 Mo. 684, 75 S. W. 155, by the Supreme Court of Missouri, in which State petitioner and her husband reside.

If it is the rule that a retransfer to the transferor prior to an attack against the transferee by the creditors of the transferor relieves the transferee from liability, the inference is inescapable that a retransfer after attack has no such effect. See *Fada Gobins*, *supra*, p. 1174. We believe the correct rule to be that once the transferee has been given proper notice that the creditors of the transferor are holding the transferee liable he makes further transfers at his peril.

The circumstances are analogous to the situation where a debtor, in fraud of his creditors, enters into an agreement to sell property to a purchaser who takes possession of the property and is later notified, prior to paying the purchase price, of the vendor's fraud. The courts of Missouri have held that once the purchaser has been informed of the vendor's fraud and the property has been levied upon, he cannot then pay the purchase price to the vendor and later seek protection from the attachment of the property by the vendor's creditors. *Stein* v. *Burnett*, 43 Mo. App. 477; *Dougherty* v. *Cooper*, 77 Mo. 528.

It follows that our earlier decision must be vacated and a new one entered on the basis of a recomputation of petitioner's liability without credit for the $9,234.37 returned to Noell on May 6, 1952.

*Decision will be entered under Rule 50.*