MEYER FRIED OR FANNY FRIED, TRUSTEES FOR ELLIOTT FRIED, TRANSFEREE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53613. Filed March 15, 1956.

*John C. Kappel, Jr., Esq.*, for the petitioners.
*William H. Welch, Esq.*, for the respondent.

OPINION.

RICE, *Judge:* The respondent must affirmatively establish the transferee liability which he determined in his deficiency notice.[1] Such transferee liability may be established at law or in equity.[2] The respondent argues that Meyer and Fanny Fried transferred $14,000 to their minor son, Elliott, with intent to hinder, delay, and defraud the United States, a creditor, and that such transfers are, therefore, void under Missouri law.

The Frieds argue that the respondent has not shown Meyer's insolvency at the time the transfers in question were made, and, hence, transferee liability has not been established.

The Revised Statutes of Missouri provide that every conveyance or assignment "made or contrived with the intent to hinder, delay or defraud creditors of their lawful actions, * * * shall be * * * clearly and utterly void." [3] In interpreting that and similar previous statutes, the Missouri courts have said that recognized "badges of fraud" include, among other things, the confidential relation of the parties and transfers without consideration. *Conrad* v. *Diehl*, 344 Mo. 811, 129 S. W. 2d 870 (1939). The Supreme Court of Missouri in *Godchaux Sugars* v. *Quinn*, 95 S. W. 2d 82, 83 (1936), said:

It is settled law that a voluntary conveyance of property is presumptively fraudulent and void as to existing creditors. When such facts are shown, the burden rests on the grantee or donee to establish facts showing such conveyance to be valid. * * *

[1] SEC. 1119. PROVISIONS OF SPECIAL APPLICATION TO TRANSFEREES.
  (a) BURDEN OF PROOF.—In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.

[2] SEC. 311. TRANSFERRED ASSETS.
  (a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :
    (1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.

[3] Rev. Stat. Mo., 1949:
  Sec. 428.020. Conveyances to defraud creditors, void.—Every conveyance or assignment in writing, or otherwise, of any estate or interest in lands, or in goods and chattels, or in things in action, or of any rents and profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, and every bond, suit, judgment, decree or execution, made or contrived with the intent to hinder, delay or defraud creditors of their lawful actions, damages, forfeitures, debts or demands, or to defraud or deceive those who shall purchase the same lands, tenements or hereditaments, or any rent, profit or commodity issuing out of them, shall be from henceforth deemed and taken, as against said creditors and purchasers, prior and subsequent, to be clearly and utterly void.

To the same effect is *Hale* v. *Hummel*, 64 F. 2d 210, 213 (C. A. 8, 1933), where the Court of Appeals said:

There appears to be no hard and fast rule as to just what elements are necessary to make out a prima facie case, but if the conveyance is shown to be voluntary, the burden rests upon the party accepting the same to establish circumstances which repel the presumption of a fraudulent intent. [Citations.]

Here, no evidence was offered to rebut the prima facie case which the respondent made—that the transfers to a bank account controlled by Meyer Fried and his wife, as trustees for their minor son, were anything other than a purely voluntary conveyance conceived and made with the intent of hindering, delaying, and defrauding the United States in its effort to collect taxes and penalties owed by them, and were therefore void under Missouri law. That being so, the respondent need not show that Meyer Fried was insolvent at the time the transfers in question were made. *Louise Noell*, 22 T. C. 1035 (1954), also 24 T. C. 329 (1955), on appeal C. A. 8, Nov. 29, 1955; *William Wiener*, 12 T. C. 701 (1949). We, therefore, conclude that the respondent has established the transferee liability at law, which is here in issue.

On brief, the Frieds argue that the respondent proceeded against the wrong party since the trust in question "is a passive or naked one, and therefore, entitled to the fund is the beneficiary namely Elliott Fried who is not a party to the transferee levy or these proceedings." They say that no provisions of the trust are in evidence but that it is apparent that it was created for the benefit of the beneficiary and is therefore a passive trust which makes Elliott Fried the absolute owner of the funds. That argument is without merit. In the first place, the Frieds are attempting to shift to the respondent the burden of proof on an issue which they raised. That they cannot do. The provisions of the trust are not in evidence, but it was the petitioners' responsibility, not the respondent's, to place the trust agreement before us. But more important, even if Elliott Fried was the absolute owner of the funds, it would appear that his parents, under Missouri law, were his natural guardians [4] and would, therefore, be the proper parties to rep-

---

[4] Rev. Stat. Mo., 1949 :

Sec. 457.020. Natural guardians of minors.—In all cases not otherwise provided for by law, the father and mother, with equal powers, rights and duties, while living, and in case of the death of either parent, the survivor, or when there shall be no lawful father, then the mother, if living, shall be the natural guardian and curator of their children, and have the custody and care of their persons, education and estates ; and when such estate is not derived from the parents acting as guardian and curator, such parents shall give security and account as other guardians and curators, and if such parents shall refuse or neglect to give such bond the probate court, or judge in vacation, shall appoint some competent person as curator to take charge of and manage such property. The parents of such minor child or children acting as such natural guardian and curator shall be entitled to receive and collect the earnings of such minors, until they reach their majority, and be liable for their support to the extent of such earnings ; provided, that this law shall not be so construed as to exempt the father of such minors from liability for the support of his children.

resent him in any legal proceeding.[5]  In any event, this proceeding is against Elliott Fried, as a transferee, and we think it matters not whether his parents represent him here as the trustees of his bank account or as his guardians.

Reviewed by the Court.

*Decision will be entered for the respondent.*

[5] Rev. Stat. Mo.. 1949 :

Sec. 457.420. To represent ward in all legal proceedings.—It shall be the duty of all guardians and curators to represent their wards in all legal proceedings, to sue for, demand and receive all their dues, give discharges therefor, and compound the same upon such terms as may be authorized by the probate court; and all matters committed to their care, they shall prosecute and defend for their wards without further admittance, in the several courts of the state.