*Decision will be entered under Rule 50.*

LEON PAPINEAU, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VIOLA L. PAPINEAU, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 42728, 55067. Filed April 17, 1957.

*Jeremiah W. Davern, Esq.*, for the petitioners.
*William A. Schmitt, Esq.*, for the respondent.

## OPINION.

Rice, *Judge:* The statutory notice of deficiency is presumed to be correct, and the petitioner must bear the burden of overcoming this presumption. But where, as here, the respondent departs from the grounds upon which he based his original determination of deficiency, and in an amended answer relies, by way of an affirmative plea, upon other grounds resulting in decreased deficiencies by which he agrees to be bound, we deem him to have abandoned his original determination. Consequently, he must assume the burden of proof with respect to the new grounds for his claim. Rule 32 of the Rules of Practice of the Tax Court of the United States; see *Sheldon Tauber*, 24 T. C. 179 (1955).

We are satisfied that he has met that burden. We have before us respondent's net worth computation revealing substantial understatements of taxable income for the years in issue. Each item appearing on the net worth statement was fully supported by the testimony of the revenue agent who had prepared the statement and who appeared on behalf of the respondent. Respondent has thus established a prima facie case, and the burden of going forward with the evidence shifts to the petitioner.

Although represented by counsel at trial, the petitioner did not testify in his own behalf, called no witnesses, and failed to introduce any material evidence. In the light of petitioner's complete failure to go forward with the evidence, we sustain the respondent as to the understatements of income as claimed in his amended answer and the consequent deficiencies in tax.

On the issue of fraud, respondent, in order to be sustained, must show, through clear and convincing evidence, that a part of each deficiency was due to fraud with intent to evade tax. Direct proof

of fraud is seldom possible. Rather, it usually must be shown from the transactions under consideration and the petitioner's conduct with respect thereto. *M. Rea Gano*, 19 B. T. A. 518 (1930). On the record we are satisfied that respondent has met his burden with respect to the years in issue.

At first blush, the understatement for 1949 of $738.08 seems inconsequential when observed in relation to the understatements of $8,511.85 in 1950 and $28,548.81 in 1951. However, this is probably explained by the fact that petitioner had been engaged in his cigarette business for a period of only 6 months during 1949. Moreover, we consider the understatement for 1949 to have been substantial in view of the fact that it approximated 19 per cent of petitioner's reported income for that year.

The petitioner's plea of guilty to a charge of criminal evasion of tax for the year 1950 constitutes an admission against interest, and is sufficient to establish fraud for that year. In his petition, petitioner admitted that income derived from cigarette sales had been understated by him in both 1950 and 1951. The understatement for 1951, revealed by respondent's net worth computation, was in excess of 2,247 per cent of reported income.

When we consider the pattern of understatements for the years in issue, the nature of petitioner's business, and his failure to keep records, we are satisfied that the respondent has carried his burden, and we sustain his additions to tax under section 293 (b) for the years 1949, 1950, and 1951.

Respondent has the burden of proving the transferee liability which he determined against Viola L. Papineau.[1] This he may do either at law or in equity,[2] and, when such burden is carried, the transferee is retroactively liable for the transferor's taxes in the year of transfer and prior years, and penalty and interest in connection therewith, to the extent of the assets received from the transferor even though the transferor's tax liability was unknown at the time of the transfer. *J. Warren Leach*, 21 T. C. 70 (1953).

On November 19, 1951, the date upon which the questioned transfer occurred, Leon Papineau had unsatisfied tax liabilities for 1949 and

---

[1] SEC. 1119. PROVISIONS OF SPECIAL APPLICATION TO TRANSFEREES.

(a) BURDEN OF PROOF.—In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.

[2] SEC. 311. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedngs in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.

1950. The transfer itself was voluntary in nature and lacking in consideration.

The Consolidated Laws of New York provide, in part, that "[e]very conveyance made * * * by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if * * * made * * * without a fair consideration." [3] In interpreting that provision, the courts have uniformly held that where a voluntary conveyance of property is made without consideration at a time when the transferor is indebted, the presumption arises that the grantor was insolvent at the time of the transfer. *Wilson* v. *Robinson*, 83 F. 2d 397 (C. A. 2, 1936); *Feist* v. *Druckerman*, 70 F. 2d 333 (C. A. 2, 1934); *Seligson* v. *Sandner*, 42 F. Supp. 415 (S. D., N. Y., 1941); *Ga Nun* v. *Palmer*, 216 N. Y. 603, 111 N. E. 223 (1916). In *Cohen* v. *Benjamin*, 246 App. Div. 866, 284 N. Y. Supp. 884 (1936), an action to set aside a conveyance of property on the grounds of lack of consideration and the transferor's insolvency, it was said, at page 886:

Upon proof by the plaintiff that the conveyance was made for an inadequate consideration at the time when the grantor was indebted to other creditors, the transfer was presumptively fraudulent and the burden was then cast upon the defendant of going forward to establish that her husband was solvent at the time of the transfer. Such conveyance raised the presumption that the grantor was insolvent at the time of the conveyance.

Respondent has shown a voluntary transfer of property lacking in consideration, which was made at a time when the transferor had outstanding debts. Thus, under New York law, the transfer was presumptively fraudulent as to creditors, and the burden fell upon the transferee to establish her transferor's solvency on the date of transfer. She has done nothing to meet that burden, and, in the absence of proof to the contrary, the presumption of insolvency must prevail. We therefore hold that respondent has established Viola's liability, as transferee of the property of Leon Papineau, for the tax due, not to exceed $29,000. *Meyer Fried*, 25 T. C. 1241 (1956); *Louise Noell*, 22 T. C. 1035 (1954), also 24 T. C. 329 (1955); *William Wiener*, 12 T. C. 701 (1949).

*Decisions will be entered under Rule 50.*