Michael Morley, Transferee v. Commissioner. Denise Ann Morley, Transferee v. Commissioner.
Morley v. Commissioner
Docket Nos. 91864, 91867.
United States Tax Court
T.C. Memo 1963-330; 1963 Tax Ct. Memo LEXIS 17; 22 T.C.M. (CCH) 1726; T.C.M. (RIA) 63330; December 19, 1963
*17 TRANSFEREE LIABILITY. Petitioner Denise received $25,000 in cash from her mother, Katherine L. Montgomery, in 1952, $16,000 as gifts to Denise and $9,000 as gifts to Katherine's three grandsons. Denise placed the cash in a safe deposit box and later she gave it to her husband, petitioner Michael, who used it to buy stock. At the time Katherine transferred the cash a proceeding was pending against her for income tax and additions to tax for fraud under section 293(b) of the Internal Revenue Code of 1939. The liability for tax and additions to tax were later stipulated and decision entered in accordance therewith. Petitioners denied receiving the cash as a gift and pleaded limitations. Held: (1) The statute of limitations does not bar the proceedings against petitioners as transferees; (2) Denise is liable as transferee and Michael as transferee of a transferee to the extent of $16,000. *18 Gerald C. Risner, for the petitioners. Arthur N. Nasser, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined that Denise Ann Morley was liable as transferee to the extent of $25,000 plus interest for deficiencies assessed against Katherine L. Montgomery for income tax in the amount of $41,961.96 and *19 additions to tax under section 293(b), Internal Revenue Code of 1939, in the amount of $20,980.98, and that Michael Morley was liable as transferee of Denise Ann Morley to the same extent for the same deficiencies. The issue to be determined is whether petitioners are liable as transferee and transferee of a transferee, respectively, for the individual income tax and addition to tax assessed against Katherine L. Montgomery for the year 1948. These proceedings were consolidated. A stipulation of facts with exhibits was filed and testimony was received. Findings of Fact The stipulation of facts and exhibits attached thereto are incorporated by this reference. Petitioners, Michael and Denise Ann Morley, are husband and wife, residing in Downers Grove, Illinois. Katherine L. Montgomery is the mother of Denise Ann Morley. John H. and Katherine Montgomery filed a joint Federal income tax return for 1948 with the collector of internal revenue for the 1st District of Illinois on January 14, 1949, in which they reported their taxable income as $47,884.61 and their tax liability as $10,573.33. A notice of deficiency was mailed to John H. and Katherine Montgomery on February 12, 1952, advising *20 them that the determination of their income tax liability for the taxable year ended December 31, 1948, disclosed a deficiency of $105,135.80 and additions to tax under section 293(b) of the Internal Revenue Code of 1939 in the amount of $52,567.90. A petition was filed by John H. and Katherine Montgomery in the Tax Court of the United States in April 1952 for a redetermination of the deficiency and additions to tax for the taxable year ended December 31, 1948. The matter was assigned Docket No. 40329. The answer of the respondent and the reply thereto were filed on June 26, 1952, and August 28, 1952, respectively. On May 5, 1952, John H. Montgomery died. Katherine Montgomery was appointed executor of his estate. The estate of John H. Montgomery, Deceased, Katherine Montgomery, Executor, was duly substituted as petitioner in the Tax Court proceeding. On July 24, 1953, Katherine Montgomery, individually and as executor of the estate of John H. Montgomery, through her duly authorized representative and the Commissioner of Internal Revenue, entered into a stipulation relating to Docket No. 40329. The stipulation recited in part: It is hereby stipulated and agreed that there *21 are deficiencies in Federal income tax and penalty under section 293(b), Internal Revenue Code, due from these petitioners for the taxable year 1948 in the respective amounts of $41,961.96 and $20,980.98 and that the Court may enter its decision accordingly. The parties filed the foregoing stipulation with the Tax Court on July 31, 1953, and on August 4, 1953, the Tax Court entered its decision in accordance with this stipulation. The Court's decision in Docket No. 40329 reads: Under written stipulation signed by counsel for the parties in the aboveentitled proceeding and filed with the Court on July 31, 1953 at Washington, D.C., it is ORDERED and DECIDED: That there are deficiencies in income tax and penalty under section 293(b), Internal Revenue Code, for the taxable year 1948 in the respective amounts of $41,961.96 and $20,980.98. On September 21, 1953, assessments were made against the Estate of John H. Montgomery, Deceased, Katherine Montgomery, Executor, and Katherine Montgomery, Individually, for the taxable year 1948 for the foregoing deficiencies and for interest to September 3, 1953, of $11,250.97. Notices and demands *22 for payment of the assessed amounts were sent to the estate and Katherine, as executrix and individually, on September 30, October 14, and December 10, 1953, and September 21 and November 21, 1955. From the date of the assessment and to the present date no payments have been made on such assessment by the estate or Katherine, individually or as executrix, or anyone on their behalf. On March 22, 1954, separate offers in compromise (Forms 656) were submitted by Katherine L. Montgomery, as executrix and individually, respectively, wherein she offered to compromise for $8,000 the income tax liabilities, additions to tax and interest, due from the Estate of John H. Montgomery, deceased, for the years 1945 to 1948, inclusive, in the total amount of $252,882.62, and to compromise for $5,000 the income tax liability, additions to tax and interest, due from Katherine L. Montgomery, individually, for the year 1948, in the total amount of $75,848.54. On March 9, 1956, a notice of lien relating to the deficiencies in income tax and the addition to tax as to the year 1948, plus statutory interest thereon, was filed in the County Recorder's Office, Cook County, Illinois, against the Estate of *23 John H. Montgomery, deceased, and Katherine L. Montgomery. On November 22, 1957, an amended offer in compromise (Form 656), dated October 10, 1957, was submitted by Katherine L. Montgomery wherein she offered to compromise for $5,000 her individual liability for assessed income taxes, additions to tax and interest, for the years 1948 to 1951, inclusive, in the total amount of $109,570.52. The assets and liabilities of the Estate of John H. Montgomery as of February 28, 1954, as disclosed by the Statement of Financial Condition (Form 433) filed with the above-mentioned offer in compromise were: Assets (cash)
$ 37,471.20
Liabilities (other than income tax deficiencies)
441,549.34
Becker & Savin, attorneys
$ 2,500.00
George D. Crowley, attorney
2,500.00
Katherine L. Montgomery
30,214.33
Montgomery Motor Sales Co.
403,034.30
Merchants National Bank
300.71
Paul Dietrich
3,000.00
$441,549.34
Deficiencies in income taxes, additions to tax and
interest to 2/28/54
$252,882.62
The assets and liabilities of Katherine as of February 28, 1954, as disclosed by the Statement of Financial Condition (Form 433) filed with her offer in compromise, were: *24 Assets
$34,557.33 (book value)
(Fair market value
$27,693)
Liabilities (not includ-
ing income taxes, ad-
ditions to tax and
interest)
2,833.00
The assets and liabilities of Katherine as of October 1, 1958, as disclosed by the Statement of Financial Condition (Form 433) filed with her amended offer in compromise were: Assets
$543.00
Liabilities (not including income taxes,
additions to tax and interest)
280.00
The District Director, Chicago, by letter addressed to Katherine L. Montgomery, dated February 8, 1960, rejected her offer in compromise of her income tax liabilities for the taxable years 1948 through 1951. In July and December 1952, Katherine made the following transfers without consideration in the form of gifts to petitioners and to her grandsons: Relationship
Description of
Date of
Value When
to Taxpayer
Asset
Transfer
Transferred
[Katherine]
Proceeds of insurance, policies
July 1952
$15,000
Daughter
Cash
July 1952
3,000
Grandson
Cash
July 1952
3,000
Grandson
Cash
July 1952
3,000
Grandson
Cash
Dec. 25, 1952
1,000
Daughter
Petitioner Denise Ann Morley put the above *25 gifts consisting of $25,000 in cash in a safe deposit box in the Oak Park Bank. Denise subsequently took this $25,000 out of the safe deposit box at the Oak Park Bank and gave it to her husband, Michael Morley. Michael Morley bought 240 shares of stock in the Montgomery Motor Sales Co. in 1954 with this $25,000. Denise Ann Morley rented a safe deposit box at the Oak Park National Bank, Oak Park, Illinois, September 30, 1952, and surrendered it on September 30, 1954. Between those dates she visited it 19 times. One of these visits was on February 16, 1954. On February 19, 1954, Michael Morley purchased a cashier's check in the amount of $25,000 payable to Katherine, as Executrix of the Estate. The check was endorsed by Katherine for deposit. Notice of transferee liability was sent to each of the petitioners on January 19, 1961. Denise Ann Morley was a transferee without consideration of assets of Katherine L. Montgomery in the amount of $16,000. Michael Morley was a transferee without consideration of assets of a transferee of Katherine L. Montgomery in the amount of $16,000. Opinion The petitioners' first contention is that the statute of limitations prohibits the assessment *26 against them of the liability as transferees for taxes owed by Katherine L. Montgomery for 1948. They say that the decision of the Tax Court entered in 1953 determining that there were deficiencies in tax and additions to tax under section 293(b) of the Internal Revenue Code of 1939 due from Katherine L. Montgomery, individually and as Executrix, for the year 1948 does not establish fraud of the transferor for purposes of this case. We have held otherwise in Bartmer Automatic Self Service Laundry, Inc., 35 T.C. 317 (1960). In that case, as here, it was stipulated that there were deficiencies in tax and additions to tax for fraud due from the transferor, and the Court adopted that stipulation in its decision. We held that the stipulation and its subsequent adoption by the Court constituted a confirmation of the transferor's fraud, that under those circumstances assessment may be made at any time against the transferor, and that where no statute of limitations bars assessment against the transferor none bars assessment against the transferee. United States v. International Bldg. Co., 345 U.S. 502 (1953), *27 Laura Massaglia, 33 T.C. 379 (1959), affd. 286 F. 2d 258 (C.A. 10, 1961), and Mary Stoumen, 27 T.C. 1014 (1957), reversed on other grounds 261 F. 2d 172 (C.A. 3, 1958), cited by petitioners, do not require a different conclusion. The International Bldg. Co. case concerned an issue of depreciation which the Court held was not decided in a stipulated decision as to earlier years and could be litigated as to later tax years. The Supreme Court there said, however, that the judgments entered pursuant to stipulation were res judicata of the tax claims for the years covered by the stipulation, whether or not the basis of the agreements on which they rested reached the merits. The Massaglia case not only related to liabilities for years subsequent to those involved in the prior stipulated case, but state court decisions relating to community property interests, applicable in the earlier years, had been overruled by later state court decisions. The Stoumen case held that a decision determining a deficiency in estate taxes, entered pursuant to a written stipulation without a stipulation of facts, was not res judicata of the insolvency *28 of the estate. In Docket No. 40329, with which we are here concerned, the stipulation filed in 1953 agreed to an addition to tax for 1948 under section 293(b) of the Internal Revenue Code of 1939, which section authorized an addition to tax for fraud. Katherine's stipulation that she was liable for additions to tax for fraud as well as the deficiency in tax for 1948 is conclusive that at least a part of the deficiency for that year was due to fraud and it necessarily follows that the return filed by John H. and Katherine Montgomery was false and fraudulent. We so hold. In view of these circumstances the three-year period of limitation for assessment of the income tax liability of the taxpayer, provided by section 275(a) of the Internal Revenue Code of 1939, became inapplicable and such assessment could be made by the Commissioner at any time. Section 276(a), Internal Revenue Code of 1939. [1] Since there was no period of limitation for assessment against the taxpayer-transferor, the one-year period provided by section 311(b) of the Internal Revenue Code of 1939[2] (section 6901(c) of the Internal Revenue Code of 1954) for assessment *29 of transferee liability is inapplicable and there is no period of limitation for assessment of transferee liability or the liability of the transferee of a transferee herein. Barlmer Automatic Self Service Laundry, Inc., supra; Smith v. Commissioner, 249 F. 2d 218 (C.A. 5), affirming a Memorandum Opinion of this Court; Ruth Halle Rowen, 18 T.C. 874, reversed on other grounds 215 F. 2d 641 (C.A. 2).
*30 It should also be pointed out, in view of the assessment made by respondent against the transferor on September 21, 1953, that the period of limitation for assessment of transferor liability was not terminated by such assessment and the one-year period for assessment of transferee liability did not begin to run from that date. As was stated by this Court in Ann C. Field, 32 T.C. 187, 200, affd. 286 F. 2d 960 (C.A. 6), certiorari denied 366 U.S. 949, The rule is well established that the 1-year period of assessment against a transferee is not measured from the date at which assessment may have been made against the transferor, but is computed from the date of the expiration of the period of limitation on assessment against the transferor. We hold that respondent's determination of transferee liability is not barred by limitations. Petitioners also contend that respondent has failed to establish by competent evidence that they are liable as transferees for the taxes assessed against Katherine. *31 The respondent has the burden of proving the liability of petitioners as transferees, i.e., he must establish all facts necessary to indicate liability, at law or in equity, on the part of the transferees. Section 6902 of the Internal Revenue Code of 1954. In order to sustain this burden here respondent must show by competent evidence (1) that Katherine transferred $25,000, or some other amount, to Denise without consideration and (for the purposes of Docket No. 91864) that Denise made a similar transfer to Michael; (2) that the transferor was insolvent at the time of, or rendered insolvent by, such transfer, or that the transfer was "made with the intent to disturb, delay, hinder or defraud" the Government; and (3) that respondent had made every reasonable effort to collect the taxes from the transferor. Bartmer Automatic Self Service Laundry, Inc., supra.Petitioners contend specifically that respondent has failed to establish by competent evidence any of these essential elements. We do not agree. In the schedule attached to her offer of compromise dated March 1, 1954, and submitted to respondent on March 22, 1954, Katherine stated she had *32 made cash gifts in July and December 1952 in the total amount of $29,500, of which $16,000 was given to her "daughter" and $9,000 (three gifts of $3,000 each) to her "grandson." The schedule referred to was attached to and made a part of the Stipulation of Facts filed by the parties herein. This stipulation recited in part that "for the purpose of these cases, the following statements may be accepted as facts and all exhibits referred to herein and attached hereto are incorporated in this stipulation and made a part thereof, subject to the right of either party to object to the admission of such facts in evidence on the grounds of materiality and relevancy; provided, however, that either party may introduce other and further evidence not inconsistent with the facts herein stipulated." Katherine L. Montgomery, though subpoenaed by respondent, did not appear and testify in person at the trial of these proceedings because of illness. Petitioners' objections at the trial that the statements contained in the exhibits attached to the Stipulation of Facts are hearsay are not well taken. Such statements are clearly "material and relevant" to the issues presented herein and "may be accepted *33 as facts" in this case. Moreover, though denied by both of the petitioners, an internal revenue agent, assigned to investigate the financial condition of the transferor, testified that a meeting was held July 23, 1959, in the office of the attorney for the transferor and attended by the transferor, her attorney, Denise and Michael Morley and the witness; that the schedule of gifts made by Katherine Montgomery to her daughter and grandsons was discussed with "Mrs. Montgomery"; and that I then asked Mrs. Denise Morley whether she had received those funds from her mother, and she emphatically said that she had received that money from her mother. I asked her what she did with the money, and she told me that was in the form of cash and she placed it in a safety deposit box at the Oak Park Safety Deposit Company. I asked her what she did with the money, and she told me she gave it to Mr. Michael Morley. I then specifically questioned Mr. Morley. Mr. Morley admitted to me that he received the $25,000 from his wife, that the $25,000 was utilized to purchase 240 shares of stock in the Montgomery Motor Sales, whatever it was. The statements made by petitioners to the agent constitute admissions *34 against interest and as such are competent evidence which may be considered by the Court herein. From our observation of the witnesses, it is our opinion that the true facts are as testified to by the revenue agent and that the testimony of the petitioners contradictory thereto is not to be believed. The evidence shows, however, that of the $25,000 in cash given to Denise in 1952, only $16,000 represented gifts to Denise and that the remaining $9,000 represented gifts to Katherine's "grandson" or grandsons, who are not parties to this proceeding. Accordingly we have found as a fact that Denise was a transferee without consideration of assets of the taxpayer Katherine L. Montgomery in the amount of $16,000, and that Michael was a transferee without consideration of assets of a transferee of the taxpayer Katherine L. Montgomery in the amount of $16,000. The argument made on behalf of Michael that his return of the money to Katherine in February 1954 relieved him of liability as a transferee is without merit. The evidence discloses he paid the money to Katherine as executrix of the estate in exchange for stock, not that he made a transfer without consideration to the transferor. Cf. *35 Louise Noell, 22 T.C. 1035; Fada Gobins, 18 T.C. 1159, affd. 217 F. 2d 952. We next consider the question of insolvency of the transferors at the time of the transfers involved. The Statements of Financial Condition attached to the offers in compromise set forth in our findings, which are clearly "material and relevant" and "may be accepted as facts" in this case (cf. Nau v. Commissioner, 261 F. 2d 362 (C.A. 6), affirming with modifications 27 T.C. 999) are sufficient, in our opinion, to show that both the Estate of John H. Montgomery and Katherine were hopelessly insolvent on February 28, 1954. Although this was some year and two months after April 1952, the date of the initial transfer herein, the excesses of liabilities over assets, both of the Estate and of Katherine were so great as to justify the conclusion as a fact that both were insolvent in April 1952. No evidence was offered by petitioners to rebut the prima facie case of insolvency thus made by respondent. Moreover, the evidence presented was sufficient, in our opinion, to establish that the transfers in question were made with the intent to disturb, *36 delay, hinder or defraud the Government in its efforts to collect the taxes and additions to tax owed by the transferor and was, therefore, void under Illinois law. Chapter 59, § 4, Illinois Revised Statutes. [3] That being so, the respondent need not affirmatively show that the transferor was insolvent at the time the transfer was made. Bartmer Automatic Self Service Laundry, Inc., supra; Meyer Fried, 25 T.C. 1241; Louise Noell, supra; William Wiener, 12 T.C. 701; Leon Papineau, 28 T.C. 54. The gift to Denise was made in 1952, only two months after the transferor had received a notice from respondent of a substantial amount of income tax and addition to tax owed by transferor and her husband. The transfer was in cash, and instead of depositing it in a bank account the transferee rented a safety box and placed the cash in this box, keeping it there until she turned the cash over to her husband Michael to purchase stock with. These circumstances, along with the family relationship which existed between the transferor and transferee, strongly suggest both transferees knew of and participated with the transferor in *37 the effort to defraud the Government. We are likewise of the opinion respondent made every reasonable effort to collect the taxes from the transferor. Notices and demand for payment of the assessed taxes were sent to the Estate and to Katherine, as executrix and individually, on September 30, October 14, and December 10, 1953, and on September 21 and November 21, 1955. A notice of lien was also filed by respondent in the County Recorder's Office, Cook County, Illinois, on March 9, 1956. Neither the demands nor the notice resulted in the payment of any part of the taxes due. While such *38 demands and notice are not of themselves sufficient to show that respondent has made every reasonable effort to collect from the transferor, viewing the record as a whole we think the respondent made every reasonable effort to collect the tax liability from both the estate and the transferor. Three offers of compromise were submitted, one on behalf of the Estate and two on behalf of Katherine. They were accompanied by Statements of Financial Condition and other schedules which, if accurate, demonstrate efforts to collect the taxes due from the estate or from Katherine would be futile. Equity does not insist upon an idle formality as a prerequisite to proceeding directly against the transferee. Coca Cola Bottling Co. of Tucson, 37 T.C. 1006, 1013 (appeal pending C.A. 9); Nau v. Commissioner, supra.
In summary, it is our opinion, and we so hold, that respondent established a prima facie case of transferee liability against both petitioners herein and that petitioners, upon whom rested the burden of going forward with the evidence, have failed to establish otherwise. *39 Decisions will be entered under Rule 50. Footnotes
1. SEC. 276. SAME - EXCEPTIONS. (a) False Return or No Return. - In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. ↩
2. SEC. 311. TRANSFERRED ASSETS. * * *
(b) Period of Limitation. - The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows: (1) In the case of the liability of an initial transferee of the property of the taxpayer. - within one year after the expiration of the period of limitation for assessment against the taxpayer; (2) In the case of the liability of a transferee of a transferee of the property of the taxpayer, - within one year after the expiration of the period of limitation for assessment against the preceding transferee, but only if within three years after the expiration of the period of limitation for assessment against the taxpayer; - except that if before the expiration of the period of limitation for the assessment of the liability of the transferee, a court proceeding for the collection of the tax or liability in respect thereof has been begun against the taxpayer or last preceding transferee, respectively, - then the period of limitation for assessment of the liability of the transferee shall expire one year after the return of execution in the court proceeding.↩
3. Chapter 59, § 4, Ill. Rev. Stat.: § 4. Fraudulent Coveyances, etc. Every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons.↩