**UNITED STATES of America,**
**Plaintiff,**

v.

**Albert A. ALTMARK et al., Defendants.**

**No. 70 C 469.**

United States District Court,
E. D. New York.

July 19, 1971.

Edward R. Neaher, U. S. Atty., by Lloyd H. Baker, Asst. U. S. Atty., for plaintiff.

Blake Hoenig, Tax Division U. S. Department of Justice, Washington, D. C., Spitzer & Feldman, New York City, for defendant Harvey Altmark; Ronald J. Offenkrantz and Zala Forizs, New York City, of counsel.

Robinson, Silverman, Pearce Aronsohn & Sand, New York City, for defendant Steven Altmark.

BRUCHHAUSEN, District Judge.

The plaintiff, United States of America, and defendants, Harvey Altmark and Steven H. Altmark move for summary judgment in their respective favor.

This action was commenced against Albert A. Altmark, hereinafter called "debtor", Rae Altmark, Harvey Altmark and Steven H. Altmark for certain tax liabilities. Subsequently all defendants except the debtor interposed an answer to the complaint. The default of the debtor was noted on November 4, 1970. A formal default judgment was filed January 26, 1971. The debtor claimed insolvency from January 1960 through April 1969. Subsequently in April 1966 the debtor received proceeds from a fire loss. A check was drawn on the account of Abraham Feinstein, the attorney representing the debtor, among others to Harvey Altmark in the sum of $1,620.00. A check was also so drawn to Albert A. Altmark in the sum of $1,350.00. The Government contends that the defendant-transferees endorsed these checks, that no consideration was given by them, that said payments were made when the debtor was insolvent and indebted to the United States, that such conveyance was fraudulent pursuant to the debtor creditor law and that such transferee is liable to the Government for such share that he received. No notice is necessary to hold the transferees liable.

The defendant, Harvey Altmark in his affidavit, alleges that at the time of his father's indebtedness he was 19 years old and attending college. Subsequently his father (debtor) delivered him a check for the amount above indicated and asked that the check be cashed and the proceeds be returned to the debtor. The check was endorsed by Harvey, deposited in his account and the exact sum withdrawn from this account and remitted to the debtor. That no notice was ever received from the Internal Revenue Service as to any interest in the sum and that no notice of claimed transferee liability was ever served by the creditor.

The defendant, Steven H. Altmark in his affidavit, alleges that during April 1966 a check for $1,350.00 was drawn on the account of Abraham Feinstein to Steven as payee, that said sum was deposited in a Totten Trust Account in the name of Rae Altmark, in trust for Steven H. Altmark, that said passbook was never delivered to the beneficiary, that said account was closed on January 8, 1969 and none of the funds were delivered to the beneficiary, that no notification by the Internal Revenue Service was given that it claimed an interest in, nor was any notice of transferee liability served by the creditor.

The position of the Government is untenable. In Ginsberg v. Commissioner of Internal Revenue, 305 F.2d 664, at page 667 (Cir. 2), the Court held in part:

"Section 311 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 311 is the governing statutory provision. * * * This provision neither creates nor defines a substantive liability but merely provides a procedure by which taxes owed by a transferor

may be collected from a transferee. For the substantive elements of the transferee's liability we must look to state law. E. g., Commissioner of Internal Revenue v. Stern, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126."

In the case at bar a valid transfer of the assets to the transferees without consideration would constitute a fraudulent conveyance pursuant to the New York Debtor and Creditor Law, McKinney's Consol.Laws, c. 12, Article 10. The facts indicate that Harvey Altmark simply cashed a check for his father and remitted the entire proceeds to his father, the transferor. The check payable to Steven Altmark was deposited in a Totten Trust Account which was subsequently closed, the proceeds not delivered to the transferee. The Court cannot under these facts find that a transfer occurred.

Furthermore, in Ginsberg v. Commissioner of Internal Revenue, supra, the Court at page 669, held in part:

"As for the attempted retransfer, we must decide when, not whether, it was made. A transferee may relieve himself of liability by a reconveyance to the transferor before institution of an attack by creditors. Glenn, Fraudulent Conveyances and Preferences, rev. ed. § 57. The Tax Court has held that a reconveyance after issuance of the statutory notice of transferee liability is insufficient to relieve the transferee of liability. Louise Noell, 24 T. C. 329, appeal dismissed pursuant to stipulation [Noel v. Commissioner of Internal Revenue,] 234 F.2d 665 (8 Cir. 1956)."

The Court concludes that the transferees Harvey Altmark and Steven H. Altmark are entitled to summary judgment.

The plaintiff is entitled to summary judgment against the defendant Rae Altmark by default.

Settle order on three (3) days' notice.