T.C. Memo. 1998-20

UNITED STATES TAX COURT

RONALD F. AND LINDA C. BERNARD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16480-96.                    Filed January 20, 1998.

Ronald F. Bernard, pro se.

<u>Jeremy McPherson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency in petitioners' Federal income tax in the amount of $13,029 for the 1994 tax year.

All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The sole issue for

decision is whether petitioners are entitled to costs of goods sold and deductions for a Schedule C model train retail business in 1994.

### FINDINGS OF FACT

Most of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Sacramento, California, at the time the original petition was filed in this case.

In 1994, Ronald F. Bernard (petitioner) quit his job with the State of California, withdrew all his State retirement money,[1] and used this money, along with his savings, to open a retail store specializing in model trains (the store). Petitioner planned to call the store "California Model Trains".

Petitioner located a promising site for his store in a mall (the mall) which was under construction in Folsom, California. The contractor building the mall told petitioner that construction would be completed in time for petitioner to occupy the premises in November 1994. Petitioner expected to have a very high percentage of his annual sales occur in November and December during the holiday season.

---

[1] Petitioners reported this withdrawal--$41,323.09--as income on their 1994 joint Federal income tax return.

Petitioner signed a lease for retail space in the mall in August 1994, and paid a rent deposit of $3,750. During 1994, petitioner paid $15,964.41 for cabinets, shelving, and a cash register--all of which he intended to use in the store. During 1994, petitioner purchased $56,217.79 in inventory (model trains and related items). Most of the inventory petitioner purchased were items manufacturers advertised heavily in the fall of 1994, in the hope of selling them in November and December of that year. Manufacturers did not advertise those items after 1994; they then began advertising items which they hoped to sell during 1995. In 1994, petitioner spent $1,226.80 for advertising, $106.05 for commissions and fees, $731.80 in interest, $3,750 in advance rent, $417.74 for supplies, $72 for taxes and licenses, $83.63 for utilities, and $92.45 for books and publications.

Unusually heavy rains from September through December 1994 delayed the opening of the mall until April 1995. The commercial space which petitioner planned to lease was not available for occupancy during 1994. In April 1995, petitioner began occupying the commercial space in the mall.

Petitioner sold a few inventory items to acquaintances and family during 1994. From November 1994 through April 1995, petitioner stored all of the remaining inventory in his home.

OPINION

Respondent disallowed petitioners' claim for cost of goods sold on Schedule C on the ground that petitioner did not sell or

otherwise dispose of the inventory during 1994, nor did petitioner offer the inventory for sale to customers in 1994. Respondent also disallowed petitioners' Schedule C deductions claimed for depreciation, rent, and other expenses, on the grounds that petitioner had not yet begun carrying on a trade or business and that organizational or startup expenses must be capitalized and deducted beginning in the year that the taxpayer begins carrying on the trade or business.

Cost of Goods Sold

The cost of goods purchased for resale, with proper adjustment for opening and closing inventories, is deductible from gross sales in computing gross income. Sec. 1.162-1(a), Income Tax Regs. Cost of goods sold generally is not allowable for goods which have not been sold or otherwise disposed of during the taxable year. Jones v. Commissioner, 25 T.C. 1100, 1103 (1956), revd. on other grounds 259 F.2d 300 (5th Cir. 1958). Petitioner made no sales to customers during 1994; thus he is not entitled to a deduction for cost of goods sold in that year.[2]

Petitioner contends that the inventory became worthless during 1994. Although not framed as an inventory accounting issue, it appears that petitioner is essentially contending that he should be allowed to use the lower of cost or market method of

---

[2] Petitioner did realize less than $100 from casual sales to friends and acquaintances; however, due to an oversight, petitioner did not report the income from these sales on his 1994 Federal income tax returns.

accounting to value his inventory at yearend. Petitioner testified that when the mall opened in the spring of 1995, he moved the inventory into the store and offered it for sale to customers. Petitioner did not offer the inventory for sale to customers in 1994, and he offered no other identifiable event to substantiate the value of his inventory. See Thor Power Tool Co. v. Commissioner, 64 T.C. 154, 169 (1975), affd. 563 F.2d 861 (7th Cir. 1977), affd. 439 U.S. 522 (1979). Petitioner, therefore, is not entitled to cost of goods sold under the lower of cost or market method of accounting in 1994.

Startup Expenses

Section 195 provides generally that no deduction shall be allowed for startup expenditures; however, such expenses, at the election of the taxpayer, may be treated as deferred expenses and allowed as a deduction prorated equally over a period of not less than 60 months as may be selected by the taxpayer beginning with the month in which the active trade or business begins. Due to an unfortunate set of circumstances beyond petitioner's control, petitioner did not begin a trade or business activity during 1994. Thus, no deduction is allowable for petitioner's startup expenses incurred in 1994.

To reflect the foregoing,

Decision will be

entered for respondent.