T.C. Summary Opinion 2007-54


UNITED STATES TAX COURT


WAYNE B. BAILEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13014-05S.              Filed April 3, 2007.


Wayne B. Bailey, pro se.

<u>Aimee R. Lobo-Berg</u>, for respondent.


VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code, and Rule references are to the Tax Court
Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $20,627 deficiency in petitioner's 2001 Federal income tax, as well as a penalty of $4,125.40 under section 6662(a). Respondent also determined a $16,293 deficiency in petitioner's 2002 Federal income tax, as well as a penalty of $3,258.60 under section 6662(a). The issues for decision are: (1) Whether the expenditures petitioner deducted on Schedule C, Profit or Loss From Business, for 2001 and 2002 are subject to the deductibility limitations of section 195; (2) whether petitioner has substantiated those deductions; and (3) whether petitioner is liable under section 6662(a) for accuracy-related penalties for 2001 and 2002.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Corvallis, Oregon.

During 2001 and 2002, petitioner was employed as the vice president of strategy and business development by The Martin-Brower Company, LLC. At the same time, petitioner and his wife attempted to develop a business concept he called "Tasha's

Cafe".[2]  The concept involved a retail food and drink establishment that served coffee and related items during the day, and wine and related items at night.  Petitioner and his wife attempted to take a "two-pronged" approach to generating income from the Tasha's Cafe concept.  The first "prong" was to open a retail location in which petitioner and his wife could operate an actual wine and coffee bar.  The second "prong" was to sell the concept to entrepreneurs as a franchise.

Petitioner outfitted the basement of his home in the style of the proposed coffee and wine bar to determine the appearance and operation of Tasha's Cafe and to model the concept for potential investors, local businesspeople, and franchisees.  In his basement, petitioner installed restaurant-level food service equipment, coffee- and wine-related artwork, and two different types of flooring for testing purposes.  Petitioner brought between 200 and 250 people to his basement model to promote the retail coffee and wine bar aspect of his business.  Petitioner brought approximately 30 potential franchise customers to his basement to demonstrate the franchise possibilities of Tasha's Cafe.  While petitioner demonstrated the Tasha's Cafe concept, he served coffee, wine, and food.  Petitioner was never paid for the

---

[2]  For 2001, petitioner filed Form 1040, U.S. Individual Income Tax Return, with a filing status of single.  For 2002, petitioner filed Form 1040, with a filing status of head of household.

coffee, wine, or food he served in his basement, but he did occasionally receive tips.

In pursuit of the retail aspect of the Tasha's Cafe concept, petitioner identified and attempted to obtain retail space in which to operate a Tasha's Cafe in Lombard, Illinois. Petitioner obtained interior design schematics for the location, negotiated business loans for capital to install equipment and furniture at the Lombard location, negotiated the rental contract for the location, and developed advertising strategies for the store. However, it became evident to petitioner that opening a retail location was much more costly than he had previously estimated, and he abandoned the retail aspect of the business in January 2003 without having opened a cafe or sold any inventory.

Petitioner also pursued the franchise aspect of Tasha's Cafe. In addition to demonstrating the Tasha's Cafe concept in his basement, petitioner occasionally rented space at hotels near Chicago O'Hare Airport in which he would conduct similar demonstrations of the concept to potential franchisees flying in from beyond the Chicago area. Petitioner estimated that he held "a couple of dozen" such presentations at airport hotels between 2001 and 2003. Petitioner continued to market the Tasha's Cafe franchise concept until May of 2003, when he concluded that he could no longer fund the development of the franchise concept. Petitioner never sold a Tasha's Cafe franchise.

At several stages in petitioner's career as a businessman and consultant, petitioner was exposed to the food and drink franchise industry and worked with some of the largest franchise operators in the world, including McDonald's Corporation. Petitioner also earned a master's degree in business administration with a concentration in marketing and finance from the University of Chicago in 1989.

On his Form 1040 for 2001, petitioner reported wages of $217,771. Petitioner attached a Schedule C to his Form 1040 for 2001. On his Schedule C for 2001, petitioner claimed business deductions of $55,348, zero gross receipts or sales, and other income of $161. On the Schedule C for 2001, petitioner reported the business name as "Tasha's" and the principal business or profession as "Retail".

On his Form 1040 for 2002, petitioner reported wages of $188,468. Petitioner attached a Schedule C to his 2002 income tax return, reporting $48,001 of business deductions, zero gross receipts or sales, and other income of $43. On the Schedule C for 2002, petitioner reported the business name as "Tasha's" and the principal business or profession as "Wine Distribution/ Retail".

On June 8, 2005, respondent sent petitioner the above-mentioned notice of deficiency. Respondent attached to the notice of deficiency copies of Form 4549A, Income Tax Examination

Changes, and Form 886-A, Explanation of Adjustments. The Form
4549A reveals that the deficiency arises from respondent's
disallowance of petitioner's claimed business deductions for 2001
and 2002, associated reductions in itemized deductions and
exemptions for 2001 and 2002, and respondent's imposition of
section 6662(a) penalties for 2001 and 2002.[3]

The only meaningful explanation for respondent's
disallowance of petitioner's claimed business deductions appears
on the Form 886-A and reads as follows:

> We disallowed the Schedule C expense amounts shown on
> your returns because we did not receive an answer to
> our request for supporting information. To be allowed
> a deduction, expense, exemption, credit, or other tax
> benefit, you must establish that you have met all
> requirements of the law. Since you did not do so, we
> have adjusted your deductions shown below to the
> amounts verified. Accordingly, we have increased your
> income $55,348 for tax year 2001 and $48,001 for the
> tax year 2002.

## Discussion

### I. Burden of Proof

At trial and on the brief, respondent argued that petitioner
was precluded from claiming the Schedule C deductions on his 2001
and 2002 income tax returns because the deductions related to
start-up expenditures within the meaning of section 195, and

---

[3] Because respondent determined that petitioner was not
entitled to the deductions on his Schedules C for 2001 and 2002,
respondent also determined that petitioner's 2001 and 2002 income
included the interest reported on the Schedules C of $161 and $43
for 2001 and 2002, respectively.

because petitioner failed to substantiate the Schedule C deductions.

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are erroneous.[4] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, when the Commissioner relies on a basis or theory at trial which was not stated or described in the notice of deficiency, and the new basis or theory requires the presentation of different evidence, the Commissioner has raised "new matter", and the burden of proof falls on him with respect to that new matter. Rule 142(a); Shea v. Commissioner, 112 T.C. 183, 197 (1999); Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500, 507 (1989). In determining whether the Commissioner has given a taxpayer sufficient notice of his basis for determining a deficiency, we examine a notice of deficiency in conjunction with documents provided to a taxpayer or his or her representative during the examination of a taxpayer's income tax return. Bitker v. Commissioner, T.C. Memo. 2003-209.

A. Section 195

Amounts paid or incurred in connection with creating an

---

[4] Petitioner has neither claimed nor shown that he satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent with regard to any factual issue. Accordingly, petitioner bears the burden of proof. Rule 142(a).

active trade or business are start-up expenditures.  Sec. 195(c).

Section 195(a) generally precludes taxpayers from deducting

start-up expenditures.  However, for the years at issue, section

195(b) generally allowed taxpayers to elect to amortize start-up

expenditures over a period not less than 60 months, beginning (at

the earliest) in the year in which the active trade or business

commences.[5]  If the start-up expenditures relate to an endeavor

that never rises to the status of an active trade or business, a

taxpayer may not amortize the start-up expenditures.  See Bernard

v. Commissioner, T.C. Memo. 1998-20.

In the matter before us, respondent's notice of deficiency

makes no mention of section 195, the language of section 195, or

the principles upon which section 195 rests.  The record does not

establish that respondent raised section 195 during the

examination of petitioner's income tax returns or otherwise

notified petitioner that section 195 was relevant to his

determination.  Respondent's section 195 argument is therefore

new matter, and respondent bears the burden of proof with respect

to section 195.  Rule 142(a).

---

[5]  In 2004, Congress amended sec. 195(b) to allow electing taxpayers to deduct start-up expenditures over a period of 180 months beginning with the month in which the active trade or business begins.  American Jobs Creation Act of 2004, Pub. L. 108-357, sec. 902(a)(1), 118 Stat. 1651.  Sec. 195 applies as so amended to amounts paid or incurred after Oct. 22, 2004.

B. <u>Substantiation</u>

Taxpayers must maintain records sufficient to enable the Commissioner to determine their correct tax liability.  Sec. 6001; <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs.  Taxpayers must "keep such permanent books of account or records * * * as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information."  Sec. 1.6001-1(a), Income Tax Regs.

The notice of deficiency in this matter, combined with information on the attached Form 4549A and Form 886-A, adequately reveals that respondent disallowed petitioner's Schedule C deductions because of petitioner's failure to substantiate those deductions.  As discussed <u>supra</u>, the Form 886-A states that respondent disallowed the Schedule C expense amounts shown on petitioner's 2001 and 2002 returns because petitioner failed to provide respondent with "supporting information".  The Form 886-A also states that petitioner "must establish that [his claimed deductions have] met all requirements of the law."  This substantially corresponds both with the language of section 6001 and the regulations issued thereunder, and the principles underlying section 6001.  Petitioner therefore bears the burden of proof with respect to substantiating his claimed business deductions.  Rule 142(a).

II.  Section 195

As noted supra, taxpayers may neither deduct nor amortize section 195 start-up expenditures if the activities to which the expenditures relate fail to become an "active trade or business". Congress, through section 195(c)(2)(A), authorized the Secretary to issue regulations to guide the determination of when an active trade or business begins.  No such regulations have yet been issued.

In determining when an activity becomes an "active trade or business" for the purpose of section 195(a), this Court has sought guidance from cases interpreting the "engaged in a trade or business" requirement for deduction under section 162.  See, e.g., Weaver v. Commissioner, T.C. Memo. 2004-108.  For the purpose of section 162, the U.S. Supreme Court has held that the question of whether a taxpayer is "engaged in a trade or business" requires examination of the facts in each particular case.  Commissioner v. Groetzinger, 480 U.S. 23, 36 (1987).  To be engaged in a trade or business, a taxpayer must:  (1) Undertake an activity intending to make a profit; (2) be regularly and actively involved in the activity; and (3) actually have commenced business operations.  McManus v. Commissioner, T.C. Memo. 1987-457, affd. without published opinion 865 F.2d 255 (4th Cir. 1988).  A taxpayer is not engaged in a trade or business "until such time as the business has begun to function

as a going concern and performed those activities for which it was organized." Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th Cir. 1965), vacated and remanded on other grounds 382 U.S. 68 (1965). An enterprise need not have generated sales or other revenue to have begun to carry on a business. Jackson v. Commissioner, 864 F.2d 1521, 1526 (10th Cir. 1989), affg. 86 T.C. 492 (1986); Cabintaxi Corp. v. Commissioner, 63 F.3d 614, 620 (7th Cir. 1995), affg. in part, revg. in part, and remanding T.C. Memo. 1994-316. However, mere research into or investigation of a potential business is insufficient to demonstrate that a taxpayer is engaged in a trade or business. Dean v. Commissioner, 56 T.C. 895, 902 (1971).

In the matter before us, petitioner was not actively engaged in the trade or business of the retail aspect of the Tasha's Cafe concept. Petitioner never obtained the necessary licenses, materials, or inventory for the retail business, established a retail location, or held out any goods for sale.

However, the record before us establishes that petitioner was actively engaged in the trade or business of selling franchises of the Tasha's Cafe concept. Petitioner developed detailed plans for the operation and appearance of a Tasha's Cafe location. Based on his analysis of the model in his basement, petitioner determined the materials and design elements to be used for outfitting a Tasha's Cafe location. Most importantly,

petitioner actually operated the franchise aspect of the Tasha's Cafe concept by holding numerous presentations to potential franchisees in which he offered to sell Tasha's Cafe franchises. Petitioner therefore was actively engaged in the trade or business of franchising the Tasha's Cafe concept, and his expenditures for 2001 and 2002 are not subject to the limitations of section 195.

III. Substantiation

On petitioner's Schedule C for 2001, he claimed $10,693 of deductible car and truck expenses, $929 of deductible meals and entertainment expenses, and $43,726 of other deductible expenses. On petitioner's Schedule C for 2002, he claimed $1,140 of deductible car and truck expenses, $6,265 of deductible travel expenses, $1,131 of deductible meals and entertainment expenses, and $39,465 of other deductible expenses.

Deductions are a matter of legislative grace, and taxpayers generally bear the burden of proving that they are entitled to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). As noted supra, taxpayers must maintain sufficient records to enable the Commissioner to determine their correct tax liability. Sec. 6001.

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in

carrying on a trade or business.  Such expenses must be directly connected with or pertain to the taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs.  Generally, no deduction is allowed for personal, living, or family expenses, nor is deduction proper for expenditures that are properly categorized as capital expenditures.  See secs. 262 and 263.  The determination of whether an expenditure satisfies the requirements of section 162 is a question of fact.  Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

When a taxpayer establishes that he or she has incurred deductible expenses but is unable to substantiate the exact amounts, we can estimate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  In estimating the amount allowable, we bear heavily against the taxpayer where the inexactitude of the record is of his or her own making.  See Cohan v. Commissioner, supra at 544.

However, deductions relating to travel, meals and entertainment, gifts, or use of listed property (including passenger automobiles) are subject to strict rules of substantiation that supersede the doctrine in Cohan v.

Commissioner, supra at 544.  See sec. 274(d); sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  The term "listed property" includes passenger automobiles.  Sec. 280F(d)(4)(A)(i).  For deductions to which section 274 applies, taxpayers must substantiate certain elements of the deductible activity or use through either adequate records or sufficient evidence corroborating the taxpayer's own statement.  Sec. 274(d).  If a taxpayer cannot satisfy the substantiation burden imposed by section 274(d) with respect to a deduction to which it applies, he fails to carry his burden of establishing that he is entitled to deduct that expense, regardless of any equities involved.  Sec. 274(d); Nicely v. Commissioner, T.C. Memo. 2006-172; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Generally, taxpayers must substantiate each required element of an expenditure or use.  Sec. 1.274-5T(b)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  At a minimum, a taxpayer must substantiate:  (1) The amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) the business relationship to the taxpayer of other persons benefited by the expense, if any.  Sec. 274(d); Shea v. Commissioner, 112 T.C. 183, 187 (1999).

To substantiate the business deductions he claimed on his 2001 and 2002 income tax returns, petitioner presented a

disorganized set of invoices, receipts, canceled checks, and other documents from 2001 and 2002. At trial, petitioner offered almost no testimony explaining the transactions underlying the deductions on his 2001 and 2002 income tax returns. In his testimony, petitioner also admitted that he had mistakenly presented several documents, receipts, and canceled checks that relate to purely personal expenditures.

Petitioner has failed to carry his burden of proof with regard to the deductions subject to the limitations of section 274. Petitioner has not presented adequate records which substantiate the required elements for those expenditures subject to section 274. Nor has petitioner provided sufficient evidence to corroborate his statements regarding his deductible expenditures in 2001 and 2002. We therefore uphold respondent's determination that petitioner has not adequately substantiated his claimed deductions for expenditures relating to travel, meals and entertainment, or business use of cars or trucks for 2001 and 2002.

As to petitioner's business deductions not subject to the limitations of section 274, petitioner also has failed to adequately substantiate nearly all of the business deductions claimed on his Schedules C for 2001 and 2002. Petitioner has presented almost no evidence that links the expenditures reflected in the receipts, invoices, and checks to his business

operations. Petitioner's records appear to reflect some business expenditures, but in most instances we cannot determine whether the expenditures bear any relationship to the franchise "prong" of Tasha's Cafe. Nor has petitioner presented sufficient evidence for the Court to estimate the amount of any of his business expenditures.

From the record before us, petitioner has presented some canceled checks and paid invoices that show deductible expenditures for legal fees, marketing expenses, and charitable donations related to his Tasha's Cafe franchising operations. Those expenditures amount to $2,195 in legal fees and marketing expenses for 2001, and $550 in charitable donations for 2002.

Except as noted above, petitioner has not produced sufficient evidence to persuade us that respondent's determinations are in error. Consequently, with the exceptions noted above, we sustain respondent's deficiency determination.

IV. Penalties

A. Section 6662(a) Penalty

As noted supra, respondent determined section 6662(a) penalties of $4,125.40 and $3,258.60 for 2001 and 2002, respectively. Respondent determined that petitioner's 2001 and 2002 underpayments of tax were attributable to negligence or disregard of rules and regulations, or alternatively that the

2001 and 2002 underpayments are attributable to substantial understatements of income tax.

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax (1) attributable to a substantial understatement of tax, or (2) due to negligence or disregard of rules or regulations.  Sec. 6662(b).  The term "understatement" means the excess of the amount of tax required to be shown on a return over the amount of tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)).  Sec. 6662(d)(2)(A).  Generally, an understatement is a "substantial understatement" when the understatement exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on the return.  Sec. 6662(d)(1)(A).  The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Internal Revenue Code and any failure to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), affd. 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

B.  Burden of Proof

The Commissioner has the burden of production with respect to the accuracy-related penalty.  Sec. 7491(c).  To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner meets this burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  Rule 142(a); see Higbee v. Commissioner, supra.  The taxpayer may meet this burden by proving that he or she acted with reasonable cause and in good faith.  See sec. 6664(c)(1); see also Higbee v. Commissioner, supra; sec. 1.6664-4(b)(1), Income Tax Regs.

C.  Analysis

In the matter before us, respondent has met his burden of production under section 7491(c).  The record shows that both petitioner's 2001 and 2002 income tax returns contain understatements of tax greater than $5,000.  See sec. 6662(d)(1)(A)(ii).  Accordingly, petitioner bears the burden of proving that the accuracy-related penalties should not be imposed with respect to any portion of the understatements for which he acted with reasonable cause and in good faith.  See sec. 6664(c)(1); Higbee v. Commissioner, supra at 446.

Petitioner has failed to meet his burden of persuasion with respect to the accuracy-related penalties. Petitioner claimed substantial deductions for which he apparently maintained no records. At trial, petitioner admitted that some of the deductions on his Schedules C for 2001 and 2002 may have represented personal expenditures, including the costs of a family trip to Mexico and payments for insurance premiums on his personal automobiles. As noted supra, petitioner likely incurred several business expenditures during 2001 and 2002. However, petitioner has not produced any evidence establishing that he acted with reasonable cause and in good faith with respect to any portion of the understatements of tax on his 2001 and 2002 income tax returns. Therefore, to the extent that we uphold respondent's determination of deficiencies for 2001 and 2002, we conclude that petitioner is liable for the section 6662(a) penalties.

To reflect the foregoing,

Decision will be entered under Rule 155.