T.C. Summary Opinion 2017-44


UNITED STATES TAX COURT


TIMOTHY JOHN CRISSEY AND DIANNE ELIZABETH CRISSEY, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10850-15S.                    Filed June 28, 2017.


Timothy John Crissey and Dianne Elizabeth Crissey, pro sese.

<u>William T. Maule</u>, for respondent.


SUMMARY OPINION


GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $6,981 income tax deficiency and a $1,396.20 section 6662(a) accuracy-related penalty for petitioners' 2012 tax year. The deficiency is attributable to the disallowance of deductions. The issues for our consideration are whether petitioners are entitled to any part of the disallowed deductions and, if not, whether they are liable for the accuracy-related penalty.

Background

Petitioners resided in Florida when their petition was filed. Two and one half months into 2012, Timothy John Crissey (petitioner) retired from his position with Inspirity Support Services, LP (Inspirity), which was engaged in providing human resource consulting for businesses. He was paid $18,991 for the short portion of the year that he worked as an outside salesman, which was reported on petitioners' joint 2012 Form 1040, U.S. Individual Income Tax Return. In order to supplement his income for 2012, petitioner undertook two additional activities-- stock trading and financial and human resources consulting.

With respect to the stock trading, petitioner was a day trader on his own account. He traded daily, most often buying and selling a stock on the same day. On petitioner's 2012 return, petitioner reported over 500 stock transactions. His

day trading activity was successful, and petitioners reported capital gain income of $48,449 on the 2012 Form 1040. With respect to his attempt to establish a consulting business, petitioner reported no income. Some portion of the $31,826[2] petitioners reported as "unreimbursed employee expenses" on Schedule A, Itemized Deductions, was attributable to the three activities, to wit: consulting, stock trading, or unreimbursed expenses as an outside salesman.

During 2012 petitioner, in an attempt to establish his consulting activity, sent out fliers to businesses that he thought could use his services. He used his automobile to visit various prospects and generally sought ways to establish the consulting activity. Ultimately, petitioner was not retained for consulting services. His attempts to establish a consulting business tapered off and ended before the beginning of the 2013 tax year.

Petitioner deducted the costs of operating the portion of his home in which he conducted his stock trading activity. He had telephones and at least two computers, and he purchased supplies and equipment needed to maintain the stock trading activity. Petitioner generally segregated the specific costs and expenses that made up the $31,826 deducted, and he provided a schedule of the purpose for

---

[2]The total amount claimed was $34,815, but that amount was reduced by a threshold of 2% of petitioners' adjusted gross income of $149,456.

each expenditure. Petitioner's summary was a result of documenting $24,570.06 of expenses reported. Of the $24,570.06 in expenses documented, $7,592.05 was incurred during January and February of 2012 while petitioner was working for Inspirity as an outside salesman. Of that amount incurred during January and February, $4,000 was incurred in connection with petitioner's position as an outside salesman. Petitioner was not reimbursed for any of those expenses.

The remainder of the expenses summarized for 2012 involved a percentage of the costs of operating petitioners' home, such as property tax, insurance, and various specific expenditures or costs incurred in the stock trading activity. Petitioner summarized the cost of his trading activity, which included $3,463.24 for "equipment", $1,000.92 for internet service, and $250 per month ($3,000 annually) for "home office expense".

Petitioners did not seek professional tax advice and prepared their own 2012 income tax return.

## Discussion[3]

Petitioner was engaged in three activities during 2012. On Schedule A of petitioner's 2012 income tax return, he claimed a $31,826 deduction for

---

[3]No issues were raised by the parties concerning the burden of proof or production.

unreimbursed employee expenses as itemized expenses. In the pretrial memorandum and at trial, respondent argued that the disallowed portion was connected with petitioner's "fledgling business venture" (attempt to establish a consulting business) and is not unreimbursed employee expenses and therefore should be disallowed under section 162. Petitioner, on the other hand, argued that some of the expenses were unreimbursed expenses he incurred while working as an outside salesman and that others were connected with his stock trading activity. Finally, petitioner argued that a deduction for the expenses associated with his consulting activity should be allowed because his activity had profit potential.

We note that petitioners mistakenly lumped their stock trading and consulting expenses in with the outside salesman expenses. If the stock trading and/or consulting are trades or businesses, the expenses would more properly be reported on a Schedule C, Profit or Loss From Business, and be reductions of gross income to arrive at adjusted gross income. With respect to the outside salesman expenses, they would be reported as itemized deductions on a Schedule A, which is where petitioners claimed all of the deductions. Oddly, respondent in his argument associated the expense deductions solely with the neophyte consulting activity.

Accordingly, the questions we consider are whether petitioner paid unreimbursed employee expenses and whether any of the other expenses paid were connected with a trade or business within the meaning of section 162. Generally, unreimbursed employee business expenses are deductible under section 162(a), subject to the 2% floor of section 67(a). See, e.g., Lucas v. Commissioner, 79 T.C. 1, 6-7 (1982). Ordinary and necessary expenses paid or incurred in the operation of a trade or business are deductible under section 162. A "trade or business" has been held to be an activity where the taxpayer maintains an actual and honest objective to realize a profit. Osteen v. Commissioner, 62 F.3d 356, 358 (11th Cir. 1995), aff'g in part, rev'g in part T.C. Memo. 1993-519.

A taxpayer is not engaged in a trade or business "until such time as the business has begun to function as a going concern and performed those activities for which it was organized." Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th Cir. 1965), vacated and remanded on other grounds, 382 U.S. 68 (1965). Mere research into or investigation of a potential business is insufficient to demonstrate that a taxpayer is engaged in a trade or business. Dean v. Commissioner 56 T.C. 895, 902 (1971). Finally, if the activity does not rise to the status of an active trade or business, a taxpayer may not amortize the startup expenditures. See Bernard v. Commissioner, T.C. Memo. 1998-20.

During 2012 petitioner attempted to establish a human resources consulting business. He sent out flyers, made visits to businesses, and generally sought opportunities for earning income from consulting. His attempts did not result in the development of any customer relationships and, eventually, his activity tapered off and was not pursued into later years. Although petitioner's activity could have developed into a trade or business, sadly it did not. Accordingly, he would not be entitled to claim section 162 expenses on a Schedule C, and no portion of the $31,826 in dispute is deductible in connection with petitioner's consulting activity.

Petitioner retired from his outside sales position with Inspirity early in 2012. For at least the first two months he worked in the position and incurred expenses that were not reimbursed by his employer. Petitioner's summary of expenses reflects about $7,600 of expenses for January and February, or about $3,800 per month, whereas other monthly totals average about $1,700. All of petitioner's activities are included in those totals. Accordingly, his outside salesman expense was at least $2,000 per month. Although petitioner's recordkeeping is somewhat unclear, we were able to sort through the categories of expenses and reach the conclusion that he is entitled to deduct outside salesman expenses of $4,000 (subject to the 2% floor) for the 2012 tax year.

Petitioner was an active stock day trader during 2012 and reported short-term capital gain (ordinary income) in excess of $48,000 for that year. His activity was day trading, generally buying and selling a stock on the same day. In excess of 500 trades were reported on the 2012 tax return. The profit and loss margins were relatively low; however, the volume, trading quality, and frequency of his trading enabled petitioner to earn over $48,000, which represented the most of his earned income for 2012. He used a computer, office equipment, and internet and telephone service to conduct his trading activity. Petitioner acquired $3,463.24 of equipment during 2012 to use in his trading activity. He incurred $83.41 per month for telephone and internet service. He also claimed that $250 per month was incurred as a "home office expense" in connection with his trading activity.

A person who purchases and sells securities may be a trader, a dealer, or an investor. King v. Commissioner, 89 T.C. 445, 458-459 (1987). A trader engages in a trade or business for purposes of section 162(a) of selling securities for his own account. Id. Unlike an investor, a trader's expenses are deducted in determining adjusted gross income rather than as itemized expenses. Whether petitioner's trading activity constituted a trade or business is a question of fact. See Higgins v. Commissioner, 312 U.S. 212, 217 (1941).

In <u>Kay v. Commissioner</u>, T.C. Memo. 2011-159, slip op. at 7-8, the

following approach was used to decide whether the taxpayer was an investor or a

trader:

> In determining whether a taxpayer is a trader, nonexclusive factors to consider are: (1) The taxpayer's intent, (2) the nature of the income to be derived from the activity, and (3) the frequency, extent, and regularity of the taxpayer's securities transactions. <u>Purvis v. Commissioner</u>, 530 F.2d 1332, 1334 (9th Cir. 1976), <u>aff'g</u> T.C. Memo. 1974-164. For a taxpayer to be a trader, the trading activity must be substantial, which means "'frequent, regular, and continuous enough to constitute a trade or business'". <u>Ball v. Commissioner</u>, T.C. Memo. 2000-245 (quoting <u>Hart v. Commissioner</u>, T.C. Memo. 1997-11). A taxpayer's activities constitute a trade or business where both of the following requirements are met: (1) The taxpayer's trading is substantial, and (2) the taxpayer seeks to catch the swings in the daily market movements and to profit from these short-term changes rather than to profit from the long-term holding of investments. <u>King v. Commissioner</u>, <u>supra</u> at 458-459; <u>Mayer v. Commissioner</u>, T.C. Memo. 1994-209.

Petitioner's trading activity reported on his return satisfies the above factors

and/or tests reflecting that his activity was a section 162 business activity as

opposed to investing. Petitioner's sole source of earned income for the last 10

months of 2012 was his daily trading activity. His trading pattern was designed to

catch "the swings in the daily market movements" and his profits were short term.

Most of his earned income was from daily stock trading. Accordingly, we hold

that petitioner's trading activity was a trade or business and that any deductions would be used to determine adjusted gross income.

Petitioner purchased $3,463.24 worth of computers and office equipment during 2012. He is entitled to reduce gross income by a $692.65 (five-year useful life property) depreciation deduction for the year. Petitioner is also entitled to reduce gross income by the $1,000.92 cost of his internet and telephone services used in the business. He also claimed $3,000 as home office expenses for 2012, but he did not substantiate the costs of operating his home or the specific portion of the home that was exclusively dedicated to the trading activity. Accordingly, no portion of the $3,000 is deductible.

Respondent determined that petitioners were liable for an accuracy-related penalty under section 6662(a). Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment attributable to a taxpayer's negligence or disregard of rules or regulations or a substantial understatement of income tax. Petitioners' underpayment was due to a substantial understatement of income tax or negligence. A substantial understatement of income tax exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Although petitioners' understatement is substantial on the basis of

the determination in the notice of deficiency, until the required computation is made under Rule 155, it is not certain what the correct understatement is.

Accordingly, we consider whether petitioners were negligent within the meaning of section 6662. Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Code and defines disregard as any careless, reckless, or intentional disregard. Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs. To the extent that we have disallowed some portion of petitioners' claimed deductions, they are not now allowable on account of lack of substantiation and/or failure to comply with the rules and regulations.

The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. 438, 448 (2001). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners did not address the penalty issue. They failed to allege in their petition that the Commissioner's imposition of a penalty was erroneous, and the issue is therefore deemed conceded. See Rule 34(b)(4); Swain v. Commissioner, 118 T.C. 358, 363-365 (2002). In any event, petitioners have not demonstrated reasonable cause. They did not rely on professional advice or show that they otherwise sought to determine the appropriate tax treatment of the items in dispute. Petitioners are liable for the section 6662(a) penalty for 2012.

To reflect the foregoing,

Decision will be entered

under Rule 155.